**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**DAWN DORAN, Individually, and**                             **PLAINTIFF**
**on behalf of the Wrongful Death**
**Beneficiaries of Adnee Blyss Floyd,**
**Deceased**

**V.**                                             **NO. 3:25-CV-215-DMB-RP**

**THOMAS LEE JENNINGS;**
**C&C TRANSPORTATION, LLC;**
**JY FARMS, LLC; J.R. SIMPLOT**
**COMPANY; HELM FERTILIZER**
**TERMINAL, INC.; and JOHN**
**DOES 1–25**                                       **DEFENDANTS**

## ORDER REMANDING CASE

Dawn Doran moves to remand this case to the Circuit Court of Tunica County. Because the Court lacks subject matter jurisdiction over this case, remand will be granted.

**I**
**Procedural History**

On June 19, 2025, Dawn Doran, individually and on behalf of the wrongful death beneficiaries of Adnee Blyss Floyd, deceased, filed a complaint in the Circuit Court of Tunica County, Mississippi, against Thomas Lee Jennings; C&C Transportation, LLC; JY Farms, LLC; J.R. Simplot Company; Helm Fertilizer Terminal, Inc.; and John Does 1-25. Doc. #2. In the complaint, Doran alleges that the defendants' collective negligence led to Floyd's death—specifically, that Floyd, while driving a GMC Terrain, was struck by a Volvo "driven by Jennings and owned by C&C and/or JY [Farms]" that was "haul[ing] a Hays-LTI cargo trailer, owned by Simplot, loaded with fertilizer at Helm and being transported from the Helm facility in Memphis, Tennessee to Cleveland, Mississippi." *Id.* at 3. Helm removed the case to the United States

District Court for the Northern District of Mississippi on July 23, 2025,[1] asserting federal question jurisdiction.[2] Doc. #1. All other defendants subsequently consented to removal.[3]

On August 19, Doran filed a motion to remand the case. Doc. #18. Helm responded in opposition to remand on September 2. Doc. #22. Doran replied seven days later. Doc. #24.

## II
## Jurisdictional Considerations

### A. Removal and Remand

Pursuant to 28 U.S.C. § 1441(a), except in circumstances not present here, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

### B. Federal Question

28 U.S.C. § 1331 provides district courts with "original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States." Relevant here, 28 U.S.C. § 1337 authorizes "original jurisdiction of any civil action or proceeding arising under any Act of

---

[1] The next day, Helm answered the complaint. Doc. # 3.

[2] While the removal notice's introductory paragraph states Helm removed the case "[p]ursuant to 28 U.S.C. §§ 1331, *1332*, [and] 1337," Doc. #1 at 1 (emphasis added), it does not mention § 1332 again and provides nothing supporting diversity jurisdiction under § 1332, *see generally id.* So, the Court does not discuss diversity jurisdiction.

[3] J.R. Simplot consented on July 25. Doc. #5. JY Farms and Jennings did so on July 28. Doc. #7. And C&C Transportation consent on July 30. Doc. #11.

Congress regulating commerce or protecting trade and commerce against restraints and monopolies ….” *See Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 808–09 (5th Cir. 2011) (collecting cases recognizing original federal question jurisdiction under 28 U.S.C. § 1337). If federal question jurisdiction exists, then “the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.” 28 U.S.C. § 1367(a).

### C. Interstate Commerce Commission Termination Act

Congress deregulated the trucking industry through the enactment of certain preemption provisions. *Zamorano v. Zyna LLC*, No. SA-20-CV-00151-XR, 2020 WL 2316061, at *2 (W.D. Tex. May 11, 2020) (citing *Rowe v. N.H. Motor Transp. Ass’n*, 552 U.S. 364, 368 (2008)). Such provisions were “originally enacted by the Federal Aviation Administration Authorization Act (‘FAAAA’) in 1994 and amended by the Interstate Commerce Commission Termination Act (‘ICCTA’) in 1995.” *Id.* (footnotes omitted). “With respect to rail transportation, the ICCTA seeks to implement a ‘federal scheme of minimal regulation for this intrinsically interstate form of transportation,’ and to retain only regulations ‘that are necessary to maintain a “safety net” or “backstop” of remedies to address problems of rates, access to facilities, and industry restructuring.’” *Elam*, 635 F.3d at 804 (quoting H.R. REP. NO. 104-311, at 93, 96 (1995), *reprinted in* Act of December 29, 1995, Pub. L. No. 104-88, 1995 U.S.C.C.A.N. 793, 805 (codified at 49 U.S.C. § 10101(2)).

### III
### Analysis

In the removal notice, Helm asserts that “[r]emoval is proper here” because “[t]he ICCTA expressly preempts state law claims against freight brokers;” and “28 U.S.C. § 1337 supports

removal." Doc. #1 at 2, 3, 7. As to its assertion that the ICCTA preempts the claims against it, Helm maintains that "the claims advanced against [it] are nothing more than an attempt at regulating the 'services' offered by a freight broker;" "the statutory language [of the ICCTA] makes clear [that] the 'services' provided by a freight broker are those of arranging for the transportation of goods via motor carriers;" and "Congress has expressly displaced all state law claims seeking to regulate the manner in which freight brokers select motor carriers."[4] *Id.* at 3, 4. As to his claim that § 1337 supports removal, Helm states that "[f]reight brokers are transportation intermediaries created by Congress and state-based claims that seek to enforce a state-law defined standard of care should be viewed as attempts at restraining commerce." *Id.* at 7–8.

In seeking remand, Doran argues that "[w]hile Helm may rely on the [ICCTA] as a defense, such does not invoke the jurisdiction of this Court under Section 1331." Doc. #19 at PageID 235 (footnote omitted). According to Doran, "[c]omplete preemption … does not apply here" because "[she] simply asserted Helm was negligent when it provided a cargo trailer of fertilizer to a commercial driver with a suspended license;" "this is a matter of 'safety regulatory authority' that is not covered by the [ICCTA];" "[the ICCTA] only applies to 'intrastate transportation'" and "the transportation of fertilizer from Tennessee to Mississippi falls outside of any preemption associated with 'intrastate transportation;'" "[her] claims against Helm are excluded from the application of the [ICCTA] under its express terms;" and "[e]ven if [the ICCTA] did apply, [it] has limitations to its application."[5] *Id.* at PageID 237, 238, 239. Further, Dawn submits that "Helm

---

[4] The removal notice further states that "[t]his civil action is slightly nuanced in that it advances personal injury claims, as opposed to property damage claims, but there is no doctrinal reason for a different result;" and "district courts in the United States Court of Appeal for the Fifth Circuit recently found that negligence-based claims against a freight broker are preempted by the FAAAA and subject to removal." Doc. #1 at 4, 5.

[5] As to the limitations of the ICCTA, Doran states that "Section 14501(c)(1) … only applies to 'laws, regulations, or other provisions' 'related to a price, route, or service;'" "Helm's simple negligence in allowing a commercial driver with a suspended license to transport a load of fertilizer does not fall within the purview of the [ICCTA] because it is not related to a 'price, route, or service;'" "a Mississippi law, or even a Tennessee law, that prohibits driving a commercial motor vehicle with a suspended license is not a law that relates to 'price, route, or service' of a 'broker;'"

failed to demonstrate how [her] claims fall under the purview of Section 1337;" "no relief is sought under federal law, and [she] does not even reference any federal statutes or regulations in her causes of action against Helm, must less invoke federal safety standards to support her state-law negligence claims;" and "[t]herefore, this is not a case that invokes federal question jurisdiction under Section 1337." *Id.* at PageID 245, 248 (quoting *Nevil v. W. Dairy Transp., L.L.C.*, No. 4:24-CV-279, 2024 WL 2700899, at *9 (E.D. Tex. May 23, 2024)).

Helm responds that "even if a 'well-pleaded complaint' does not explicitly set forth a federal claim, federal question jurisdiction may nevertheless exist … when Congress completely preempts an area of state law … and … when the state claim contains a 'substantial and disputed federal issue;'" "[f]ederal Courts have held that … the FAAAA's preemption … appl[ies when] a state … enacted or attempted to enforce a law, and … that law … relate[s] to a broker's rates, routes, or services by either expressly referring to them or having a significant economic effect on them;" "[Doran]'s state law negligence claims clearly satisfy the first requirement for FAAAA preemption;" "courts have found that FAAAA preemption includes 'laws and actions having some type of connection with or reference to a broker's rates, routes, or services, whether direct or indirect;'" and "[the] safety regulatory exception does not invalidate FAAAA preemption of [Doran]'s negligence claims against [it]." Doc. #23 at 5, 6–7, 9 (emphasis omitted) (quoting *Nationwide Freight Sys., Inc. v. Ill. Com. Comm'n*, 784 F.3d 367, 373–74 (7th Cir. 2015)). Acknowledging that "there are no federal laws, regulations, etc., referenced in [Doran's] Complaint," Helm argues that such "does not foreclose the issue of federal jurisdiction … as such omission is scrutinized under the 'artful pleading' rule." *Id.* at 4.

---

and "Section 14501(c)(2) expressly demonstrates, under the 'matters not covered' paragraph, that … 'complete preemption … 'shall not restrict the safety regulatory authority of a State with respect to motor vehicles.'" Doc. #19 at PageID 238–39 (emphasis omitted).

Doran replies that "the 'well-pleaded complaint rule,' … requires that a federal question appear on the face of [her] properly pleaded complaint;" "[d]efensive preemption … does not satisfy this requirement;" "[u]nder the correct preemption test, Helm has failed to show how [her] claims are completely preempted;" "[r]egardless of whether Section 14501 is interpreted broadly, Helm fails to appreciate that various types of negligence claims against brokers and other entities are not preempted;" "[b]ecause Helm cannot establish complete preemption under the corresponding Fifth Circuit test, this Court does not have to address the safety regulatory exception;" and "[t]o prevail under the artful pleading doctrine, Helm would need to show complete preemption, which it cannot do." Doc. #25 at PageID 272, 274, 275, 276, 281.

### A. Preemption

Federal question jurisdiction is governed by the well-pleaded complaint rule, under which a federal question must be presented on the face of the plaintiff's complaint. *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 585 (5th Cir. 2022) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). However, complete preemption is an exception to the well-pleaded complaint rule. *Elam*, 635 F.3d at 803.

Complete preemption "creates federal jurisdiction if Congress by statute, 'completely preempts a particular area such that any civil complaint raising the select group of claims is necessarily federal in character." *Mitchell*, 28 F.4th at 585 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987)). In examining complete preemption claims, courts have considered whether "[a] federal statute … provide[s] the exclusive cause of action for the claim asserted." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). To gauge whether Congress' purpose was to preempt state law, courts look to "'the text and structure of the statute at issue,' and 'in the first instance [courts] focus on the plain wording of the clause, which necessarily contains the best

6

evidence of Congress' pre-emptive intent.'" *United Motorcoach Ass'n, Inc. v. City of Aus.*, 851 F.3d 489, 492 (5th Cir. 2017) (quoting *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664 (1993)). "[W]hen there is 'more than one plausible reading of the text, [courts] ordinarily accept the reading that disfavors pre-emption.'" *Id.* (quoting *Altria Grp., Inc. v. Good*, 555 U.S. 70, 77 (2008)). "The party asserting federal preemption has the burden of persuasion," *Elam*, 635 F.3d at 802, and must show:

> (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is clear congressional intent that the federal cause of action be exclusive.

*Mitchell*, 28 F.4th at 585 (quoting *Gutierrez*, 543 F.3d at 252).[6]

Helm has not demonstrated how the ICCTA contains a civil enforcement provision that creates a cause of action that replaces and protects an analogous area of state law; that the ICCTA contains a specific jurisdictional grant to the federal courts for enforcement; or that Congress intended that the federal cause be exclusive.[7] Even if Helm had made the requisite showing

---

[6] Helm argues that "[f]ederal courts have held that there are two requirements for the FAAAA's preemption to apply: (1) a state must have enacted or attempted to enforce a law, and (2) that law must relate to a broker's rates, routes, or services by either expressly referring to them or having a significant economic effect on them." Doc. #23 at 6 – 7 (citing *Nationwide Freight*, 784 F.3d at 373–74). The Court declines to use the Seventh Circuit's analysis from *Nationwide Freight*, especially since the Seventh Circuit acknowledged that such analysis was used for the purpose of evaluating express preemption—a type of defensive preemption—rather than complete preemption, which is at issue here. *See id.* at 373 ("[I]t is express preemption that is at issue in this case as the FAAA states explicitly what states may and may not do with respect to motor carriers of property."); *see also Elam*, 635 F.3d at 803 ("Defensive preemption does not create federal jurisdiction.").

[7] In addition to evaluating the issue based on the Seventh Circuit's defensive preemption analysis, Helm repeatedly cites the Western District of Texas' opinion in *Gillum v. High Standard, LLC*. Doc. #1 at 5, 6; Doc. #23 at PageID 255, 260 n. 4, 265. In *Gillum*, the defendants successfully removed the case and that court denied remand on the basis that the FAAAA completely preempted state law claims. No. SA-19-CV-1378-XR, 2020 WL 444371, at *2–6 (W.D. Tex. Jan 27, 2020). But this Court and many others find *Gillum* unpersuasive because there—like Helm urges this Court to do here—the court erred in mixing the standards of defensive preclusion and jurisdictional complete preclusion. *See Richey v. Tanger Logistics*, *LLC*, No. 5:24-CV-23, 2024 WL 2874557, at *5 (S.D. Tex. June 6, 2024) ("Because *Gillum* did not properly analyze complete preemption, the Court declines to follow its reasoning here); *Malone v. Russell*, No. 3:23-CV-0001-S, 2023 WL 3854265 at *3 (N.D. Tex. June 6, 2023) ("[T]he *Gillum* court did not undertake the Fifth Circuit's complete preemption analysis and instead appeared to evaluate ordinary preemption); *Gregg v. Rodriguez*, No. 23-1031, 2023 WL 4053590 at *4 (D. Kan. June 16, 2023) ("While the court in *Gillum* discussed the complete preemption doctrine, the court's decision was based on an ordinary preemption analysis and courts have declined to find the decision persuasive on that basis."); *Est. of Wray v. Kennedy Bros. Logistics, Inc.*, No.

required by Fifth Circuit law, the Court finds that neither 49 U.S.C. § 14501(b)(1)[8] nor (c)(1)[9]

completely preempt Doran's state-law negligence claim against Helm.

## B. Well-pleaded Complaint

"Under the longstanding well-pleaded complaint rule, … a suit 'arises under' federal law

'only when the plaintiff's statement of his own cause of action shows that it is based upon federal

law.'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nash. R.R. Co. v.*

*Mottley*, 211 U.S. 149, 152 (1908)). Helm urges the Court to look beyond the face of the complaint

and apply the *Grable* factors. Doc. #1 at 8.

> In *Grable*, the Supreme Court recognized that in certain cases federal-question
> jurisdiction will lie over state-law claims that implicate significant federal issues.
> *Grable* applies if: (1) resolving a federal issue is necessary to resolution of the state-
> law claim; (2) the federal issue is actually disputed; (3) the federal issue is
> substantial; and (4) federal jurisdiction will not disturb the balance of federal and
> state judicial responsibilities. These conditions are difficult to meet. Like most

---

5:22-cv-70, 2022 WL 16550315, at *4 (E.D. N.C. Oct. 31, 2022) ("*Gillum*'s analysis … fails to distinguish between complete preemption and ordinary preemption, and draws upon ordinary preemption principles in its complete preemption analysis.").

[8] The ICCTA preempts provisions by a "State … relating to intrastate rates, intrastate routes, or intrastate services of any freight forwarder or broker." 49 U.S.C. § 14501(b)(1). Because Doran's complaint alleges that the cargo trailer was "loaded with fertilizer at Helm and being transported from the Helm facility in Memphis, Tennessee to Cleveland, Mississippi through *interstate* commerce," Doc. #2 at 3 (emphasis added); the statute's plain language expressly states that states and political subdivisions are barred from effecting "*intrastate* rates, *intrastate* routes, or *intrastate* services of any freight forwarder or broker," 49 U.S.C. § 14501(b) (emphasis added); and Helm does not explain how the particular provision has any bearing on action involving interstate commerce, this provision is inapplicable.

[9] The ICCTA also preempts provisions by "a State … related to a price, route, or service of any motor carrier … or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). "However, as an exception to this preemption directive, Congress provides that the directive 'shall not restrict the safety regulatory authority of a State with respect to motor vehicles.'" *Cole v. City of Dall.*, 314 F.3d 730, 733 (5th Cir. 2002) (quoting 49 U.S.C. § 14501(c)(2)(A)). The Fifth Circuit has determined the safety exception applies when state ordinances evince a safety purpose and promote safety. *United Motorcoach*, 851 F.3d at 494. This Court and others have concluded that negligence claims that relate to safety fall within the safety exception. *See Finley v. Dyer*, No. 3:18-CV-78, 2018 WL 5284616, at *6 (N.D. Miss. Oct. 24, 2018) (claims of negligent procurement of a trailer "f[e]ll within the 'safety regulatory authority of a State with respect to motor vehicles' and, therefore, are not preempted"); *Lopez v. Amazon Logistics, Inc.*, 458 F. Supp. 3d 505, 517 (N.D. Tex. 2020) ("[S]ection 14501(c)(1) does not preempt Plaintiffs' negligence claim … because … the safety regulation preemption exception in section 14501(c)(2) applies to negligent-hiring claims against brokers."); *Gen. Sec. Nat'l. Ins. Corp. v. Celi*, No. 23-1682, 2025 WL 1601024, at *9 (M.D. La. June 5, 2025) ("The Court agrees that Plaintiff's negligence claims are related to brokerage services but finds that Plaintiff's negligence claims falls within the safety exception."). Here, Doran alleges that Helm negligently entrusted an "incompetent, unqualified, and [un]licensed [driver] to transport a load of fertilizer with a commercial motor vehicle." Doc. #2 at 13. Because Doran alleges a negligence claim relating to safety, the claim falls under the safety regulation preemption exception pursuant to § 14501(c)(2)(A).

8

federal question doctrines, *Grable* is applied in the shadow of the well-pleaded complaint rule [meaning] the court looks to the face of a plaintiff's well-pleaded complaint to determine whether the issue it raises implicate *Grable*. … The type of claim that creates a federal question under *Grable* is typically a state law claim premised on some component of federal law.

*Mitchell*, 28 F.4th at 588 (internal citations omitted).

Here, Helm has not shown that a federal issue is necessary to the resolution of Doran's claims. While Helm argues that "this Court may enforce the intent of Congress to constrain the power of the states to regulate the interstate/intrastate transportation of goods as expressly provided by the ICCTA," the Court already determined that the ICCTA does not preempt Doran's negligence claims. Consequently, the Court need not review the other *Grable* factors. And, as acknowledged by Helm, there are no federal issues found on the face of the well-pleaded complaint. *See* Doc. #23 at 4 ("Agreed, there are no federal laws, regulations, etc., referenced in [Doran]'s Complaint.").

Further, while "[t]he artful pleading doctrine serves as a corollary to the well-pleaded complaint rule," that doctrine is inapplicable here because the ICCTA does not completely preempt Doran's claims. *Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020); *see id.* ("Under the artful-pleading doctrine, a federal court may have federal-question jurisdiction over a state-law claim in only two circumstances: when Congress expressly so provides or when a federal statute wholly displaces the state-law cause of action through complete pre-emption.") (citing *Beneficial Nat'l Bank*, 539 U.S. at 8).

### C.  28 U.S.C. § 1337

Beyond its conclusory statement in the removal notice that "state-law defined standard of care should be viewed as attempts at restraining commerce," Doc. #1 at 7, Helm provides nothing to support its assertion that this Court has subject-matter jurisdiction under 28 U.S.C. § 1337—it does not mention § 1337 as a basis for jurisdiction in its response to the remand motion or in its

9

memorandum brief, *see generally* Docs. #22, #23.  As such, the Court concludes there is no basis for federal jurisdiction under 28 U.S.C. § 1337.

**IV**
**<u>Conclusion</u>**

The motion to remand [18] is **GRANTED**.  This case is **REMANDED** to the Circuit Court of Tunica County.

**SO ORDERED**, this 31st day of March, 2026.

**/s/Debra M. Brown**     
**UNITED STATES DISTRICT JUDGE**
